Avemco v. Honeywell, et al.                  CV-01-338-M    04/05/02
                     UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Avemco Insurance Company, Inc.
and Montage Aviation, Inc.,
      Plaintiffs

      v.                                    Civil No. 01-338-M
                                            Opinion No. 2002 DNH 078
Honeywell International, Inc.,
      Defendant


                          **O R D E R**


      Montage Aviation, Inc. ("Montage"), which owns an airplane,

and Avemco Insurance Company, Inc. ("Avemco"), which insures that

plane, have sued Honeywell International, Inc. ("Honeywell"),

manufacturer of the plane's avionics systems.  Plaintiffs assert

two counts, one for breach of warranty and one for strict

liability.  They seek to recover for damage to the plane

allegedly resulting from the failure of the autopilot system

supplied by Honeywell.  Before the court is Honeywell's motion

for judgment on the pleadings on Count II, plaintiffs' strict

liability claim.  Plaintiffs object.  For the reasons given

below, Honeywell's motion for judgment on the pleadings is

denied.

Honeywell's position rests on a line of cases starting with East River Steamship Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 871 (1986), which stand for the proposition that a purchaser of a product has no cause of action in strict liability against the manufacturer of that product when the only damage claimed is damage to the product itself.[1]  In Honeywell's view, plaintiffs' claim for damage to the plane resulting from alleged defects in the autopilot is analogous to the claim in East River Steamship for damage to several turbines resulting from defects in the manufacture or installation of certain components of the damaged turbines.  The court disagrees.

In both East River Steamship and Public Service of New Hampshire, there were no allegations of damage to any products other than those supplied by the defendants.  In each case, the plaintiff alleged that a defective component of a product manufactured and/or installed by the defendant malfunctioned and

_____

[1] This court, in a diversity case, has adopted the rule of East River Steamship.  See Public Serv. Co. of N.H. v. Westinghouse Elec. Corp., 685 F. Supp. 1281, 1286-87 (D.N.H. 1988) ("In light of the above-discussed cases, this Court is of the view that the New Hampshire Supreme Court would, if faced with the issue, deny tort liability for purely economic loss.") (citations omitted).

2

damaged other components of that same product, but damaged nothing else.  Under such circumstances, the manufacturer has no liability in tort.  But the consumer is not left without a remedy; contract law is the vehicle by which a consumer may recover for losses occasioned by a malfunction of a component in a multi-component product that damages only the product itself.

Here, however, plaintiffs allege damage to property other than the product supplied by Honeywell.  If plaintiffs claimed that one component of the Honeywell autopilot had malfunctioned and damaged other parts of the autopilot, then this case would be analogous to the cases upon which Honeywell relies.  And East River Steamship would have been resolved differently if, as in this case, plaintiffs had sought to recover for damage to the ship, say its hull, occasioned by the turbine's malfunction.  Plaintiffs in this case allege that defects in the autopilot caused damage beyond loss of the avionics product manufactured and supplied by Honeywell, i.e., the airframe of their plane.  Thus, East River Steamship and Public Service of New Hampshire are inapposite.  In other words, because Honeywell has no contractual obligation to Montage vis à vis the airframe,

3

plaintiffs here have no remedy in contract against Honeywell for damage to the airframe.  Therefore, denying plaintiffs a remedy in tort would not serve to protect contract law from drowning in a sea of tort, East River Steamship, 476 U.S. at 866 (citing G. GILMORE, THE DEATH OF CONTRACT (1974)), but rather, would allow Honeywell to escape liability for damage allegedly caused by its malfunctioning product to a product it did not manufacture, the aircraft.  Accordingly, the rule of East River Steamship does not entitle Honeywell to dismissal of plaintiffs' strict liability claim, at least not on the pleadings.

For the reasons given, Honeywell's motion for judgment on the pleadings (document no. 10) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 5, 2002

cc:  Garry R. Lane, Esq.
     Jack P. Crisp, Jr., Esq.
     Robert E. Murphy, Jr., Esq.
     Michael G. McQuillen, Esq.

4